■ In the Matter of PHILIP BARRESI, Petitioner, v PATRICK A. MAHONEY, as Sheriff of Suffolk County Sheriff's Department, Respondent. [647 NYS2d 25] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Sheriff's Department, dated January 13, 1994, which, after a hearing, found that the petitioner had violated provisions of the Suffolk County Sheriff's Department's Operations and Procedures Guide, and suspended the petitioner from his employment for 14 days, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Stark, J.), entered March 20, 1995, as, upon transferring to this Court the question of whether the determination was supported by substantial evidence pursuant to CPLR 7804 (g), dismissed the petitioner's remaining causes of action.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondent is awarded one bill of costs.

The record supports the determination that the petitioner acted improperly by operating his Sheriff's Department vehicle in an unsafe and imprudent manner, resulting in an accident and damage to the vehicle. The respondent's accident reconstructionist testified that, based upon, among other things, his measurements of the skid marks and calculations derived therefrom, the petitioner had approached the curve at 49 miles per hour, at least nine miles per hour over the legal speed limit and 19 miles per hour over the recommended speed for that curve posted on a warning sign. This testimony was credible and provided the respondent with a rational basis for its determination of improper conduct by the petitioner. Thus, the determination was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d

176, 181-182; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

We have examined the petitioner's remaining contentions and find them to be without merit. O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.